# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KIRT D. ROBINSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>MR. NAGEL, et al.<br><br>    Defendants. | 3:13-cv-00422-MMD-WGC<br><br>**ORDER**<br><br>re: Doc. #17 |

Before the court is the Defendant's "Notice re: Service of Process for Defendants Shannon Howell and Mr. Nagel." (Doc. # 17.)[1]

**I.  Defendant Howell**

Defendant "Head Nurse Jane Doe #1"

Defendant's notice states that the person sued fictitiously as "Head Nurse Jane Doe #1" is likely a Shannon Howell. Ms. Howell no longer works at the Washoe County Detention Facility and when she did work there, she was an independent contractor associated with Corizon Health, Inc. (*Id*. at 3.)

To date, Ms. Howell is only a party in case # 3:14-cv-00149-MMD-WGC. If Plaintiff wants to substitute Ms. Howell for "Head Nurse Jane Doe 1 in case # 3:13-cv-00422...,," he may seek to do so within **fourteen (14) days** of the date of this order. Plaintiff would still have to serve Ms. Howell, which is problematic because (1) the Marshal previously attempted service upon Ms. Howell in case # 3:14-cv-00149 and was unsuccessful, and (2) according to Defendant Paulsen, no current address for Ms. Howell is known. Plaintiff's action against Ms. Howell is subject to a dismissal for failing to effect service in

---

[1] Filed under seal pursuant to Doc. # 16 at 3.

case # 3:14-cv-00149. (Doc. # 7.) If Plaintiff is able to effect a substitution, he is likely to run afoul of Fed. R. Civ. P. 4(m) in the instant action as well. But Plaintiff should be afforded he opportunity to substitute Shannon Howell for "Head Nurse Jane Doe 1."

**II.   Defendant Nagel**

Plaintiff sued an individual he has identified as "Mr. Nagel" in Count I of this action. (Doc. #3 at 2.) Defendant's counsel's Notice advises there are two Washoe County Sheriff's Office employees with the last name "Nagel": one former (Tom) and one current (Eric). (Doc # 17 at 2.) Defendant's notice state the likely person Plaintiff intended to proceed against was Eric Nagel who is still employed by the Washoe County Sheriff's Office.[2]

Plaintiff is directed to file a notice of clarification whether the "Mr. Nagel" against whom Plaintiff desires to proceed is Tom Nagel or Eric Nagel. Plaintiff's notice shall be filed within 14 days of the date of this order.

Defendant's counsel further argues, however, that "since Plaintiff never submitted any inmate grievances relating to the allegations in his complaint," any attempt to pursue a claim against either Mr. Nagel would be fruitless as Plaintiff "utterly failed to exhaust his remedies prior to filing suit in federal court." (Doc. # 17 at 4.) Counsel refers to Defendant Paulsen's motion for summary judgment which argues Plaintiff failed to exhaust his administrative remedies, citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 LED.2d 798 (2007).[3]

However as Defendant Paulsen notes in her memorandum in support of her motion for summary judgment (Doc. # 8 at 5), which motion has not yet been decided,  an "exhaustion" argument is an affirmative defense which must be pled and established on summary judgment (unless in rare cases it is evident from the complaint the plaintiff has failed to exhaust his remedies):

> In a typical PLRA case, a defendant will have to present probative evidence – in the words of *Jones*, to "plead and prove" – that the prisoner has failed to exhaust available remedies under § 1997(e)(a). *Jones*, 549 U.S. at 204, 127 S.Ct. 910.* * *

---

[2] The record reflects the Marshal's attempt to serve a "Mr. Nagel" at the Washoe County Sheriff's Office was unsuccessful as the Marshal was advised "Mr. Nagel...no longer works for Washoe County." (Doc. 15 at 4.) Presumably the Washoe County Sheriff's Office was referring to former employee Tom Nagel, not current employee Eric Nagel.

[3] *Id*., citing Doc. # 13, although the record reflects in case # 3:13-cv-00422, the Defendant's motion is docketed as # 8; # 13 is Defendant's reply memorandum.

1  *Albino v. Baca*, 747 F.2D 1162, 1168 (9th Cir. 2014).

2  Therefore, even if Defendant Paulsen prevails in her motion for summary judgment, Defendant Nagel – if and when he is served and appears herein – would have the affirmative obligation of demonstrating Plaintiff failed to exhaust his administrative remedies as to "Mr. Nagel." Hence, the service issue as to Mr. Nagel is not moot.[4]

IT IS SO ORDERED.

DATED: October 16, 2014

                                            /s/ William G. Cobb
                                            WILLIAM G. COBB
                                            UNITED STATES MAGISTRATE JUDGE

---

[4] It is possible that from the face of Plaintiff's complaint Plaintiff admits he has not exhausted his administrative remedies. (Doc. # 4 at 8, ¶ D. 3.) Coupled with Defendant's assertion of the availability of administrative remedies at the Washoe County Jail (Doc. # 8-1 at pp. 2-5), Plaintiff's complaint may very well fail to state a viable civil rights claim by reason of his failure to exhaust his administrative remedies. Conversely, however, Plaintiff alleges he did attempt to resolve and did resolve his claims via grievances but that he was unable to complete the grievance process as he was then incarcerated in state prison. (Doc. # 12.) Accordingly, while Defendant contends his exhaustion argument should preclude Plaintiff's action (Doc. # 13), the court is of the opinion Defendant "Mr. Nagel" would still have to pursue an independent motion on this issue.