UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIRT D. ROBINSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MR. NAGEL, et. al.,<br><br>　　　　　　　　　　Defendants. | 3:13-cv-00422-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is defendant Paulsen's Motion to Dismiss; or in the Alternative, Motion for Summary Judgment. (Doc. # 8.)[1] Plaintiff filed a response (Doc. # 12), and defendant Paulsen filed a reply. (Doc. # 13.)

After a thorough review, the court recommends that defendant Paulsen's motion be granted and that Plaintiff's action be dismissed without prejudice for failing to exhaust his administrative remedies before filing suit.

## I. BACKGROUND

Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983 related to events that he alleges occurred while he was in the custody of the Washoe County Sheriff's Department (in the Washoe County Detention Facility) in August and September of 2012. (Pl.'s Compl., Doc. # 4 at 1.) He is currently incarcerated within the Nevada Department of Corrections. (*Id.*) The only defendant that has been served to date is Bobbi Paulsen.

Plaintiff's complaint named Unit 13 Officer Nagel, Supervisor Mr. Bobby (defendant

---

[1] Refers to court's docket number.

1 Bobbi Paulsen), and head nurse Jane Doe. (Doc. # 4 at 2.) Plaintiff alleges that he was forced as a pretrial detainee to work in the jail laundry room even though he had informed jail officials that he is "100% disabled" due to psoriasis and arthritis. (Doc. # 4.) He contends that defendants threatened to place him in "the hole" or administrative or disciplinary segregation if he did not comply. (*Id*.) On screening, the court determined Plaintiff stated a colorable claim for involuntary servitude under the Thirteenth Amendment. (Screening Order, Doc. # 3 at 1.)

Summonses were issued as to Nagel and Bobby Paulsen (Doc. # 5), and Paulsen was served on May 13, 2014 (Doc. # 6). The U.S. Marshal was unable to locate Nagel. (Doc. # 7.) Defendant Paulsen then filed the instant motion to dismiss. (Doc. # 8.) On September 8, 2014, the court issued a notice of intent to dismiss Nagel pursuant to Federal Rule of Civil Procedure 4(m), for failing to serve him with the summons and complaint within 120 days. (Doc. # 14.)

Plaintiff filed a response stating that he believes Nagel works at the Sheriff's Department. (Doc. # 15.) The court then issued an order indicating that the unexecuted return of service indicated that Nagel was no longer employed by the Sheriff's Department, but asked defense counsel to either file a notice of acceptance of service or last known address under seal for Nagel. (Doc. # 16.) Defendants submitted a filing indicating that Nagel could be one of two persons with the name of Nagel working at the time the alleged events occurred. (Doc. # 18.) Plaintiff was directed to file a notice of clarification regarding which Nagel he desires to proceed against. (*Id*.) The court subsequently gave Plaintiff additional time to name the correct defendant Nagel. (Doc. # 20.) He was advised if he failed to do so, defendant Nagel would be dismissed without prejudice. (*Id*.) If he did name the correct defendant, Plaintiff would be given an opportunity to effectuate service. (*Id*.)[2]

Plaintiff has not substituted in a named defendant for Jane Doe Nurse. She was identified in various filings by Plaintiff and Defendants as Shannon Howell; therefore, the court gave Plaintiff fourteen days to file a motion to substitute her in place of the Jane Doe Nurse, and then would have to effectuate service. (Doc. # 18.) Plaintiff failed to file a motion for substitution

---

[2] If the correct Nagel is timely substituted in as a defendant, and service is ultimately accomplished, Nagel will then have the obligation of raising and proving the affirmative defense of failure to exhaust.

within the fourteen day time period; therefore, the court dismissed Howell without prejudice. (Doc. # 20.)

In the Motion to Dismiss; or in the Alternative, Motion for Summary Judgment, defendant Paulsen argues that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (Doc. # 8.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014), *cert. denied*, 135 S.Ct. 403 (Oct. 20, 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling, in part, Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion"). As such, "[i]f undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id*., 1168, 1170-71 (citations omitted). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary— discovery related to the merits of the suit." *Id*. at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). If there are disputed factual questions, they "should be decided at the very beginning of the litigation." *Id*. at 1171.

1   "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Id*. (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). To be clear, "[a]n inmate is required to exhaust only *available* remedies." *Id*. (emphasis original) (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Id*. (quoting *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)).

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). The ultimate burden of proof, however, remains with the defendant. *Id*.

The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

If the court concludes that administrative remedies have not been properly exhausted, the unexhausted claim(s) should be dismissed without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162.

**III. DISCUSSION**

**A. Defendant Paulsen's Motion (Doc. # 8)**

First, defendant Paulsen argues that on the face of his Complaint, Plaintiff admits he did not utilize the jail's grievance process before he filed this action. (Doc. # 8 at 6.) In his form complaint, which asks whether he attempted to resolve the dispute by exhausting available administrative grievance procedures, Plaintiff responded that he had not. (*Id*., citing Doc. # 4 at 8.) Therefore, Paulsen maintains that this action should be dismissed.

Second, defendant Paulsen contends that if the failure to exhaust his administrative

- 4 -

1  remedies is not clear from the face of the complaint, Paulsen is still entitled to summary
2  judgment because Plaintiff's inmate records from the jail likewise indicate he failed to exhaust
3  his administrative remedies with respect to the allegations of this action. (*Id*. at 7-8.)

4  **B. Plaintiff's Response (Doc. # 12)**

5  In his response, Plaintiff asserts that he did exhaust his administrative remedies. (Doc.
6  # 12 at 1-2.) He states that once the jail staff believed he was in fact disabled, his involuntary
7  servitude ceased. (*Id*. at 2.) He contends that the cessation of the involuntary servitude served to
8  exhaust his administrative remedies, as there was no longer a need to utilize the grievance
9  procedure. (*Id*.)

10 **C. Defendant Paulsen's Reply (Doc. # 13)**

11 Defendant Paulsen argues that the fact that Plaintiff claims the alleged constitutional
12 violation eventually ceased does not excuse him from utilizing the jail's grievance process. (Doc.
13 # 13 at 3.) Instead, defendant Paulsen contends that Plaintiff alleges he was subjected to
14 involuntary servitude for five weeks, but never submitted a single grievance or inmate request
15 form complaining about his treatment so as to allow administrators to investigate the matter. (*Id*.
16 at 3-4.) Therefore, this action should be dismissed.

17 **D. Analysis**

18 Defendants are correct that in his Complaint, Plaintiff states that he did not exhaust his
19 administrative remedies. (Doc. # 4 at 8.) He states: "There was no grievance because I was not in
20 prison when my rights were violated. I was in Washoe County Detention Facility" (*Id*. at 8-9.)

21 Insofar as Plaintiff's Complaint appears to assert that he did not have to exhaust his
22 administrative remedies because he was not in prison, but in jail, he is mistaken. The PLRA on
23 its face requires exhaustion by an inmate confined in "any *jail*, prison, or other correctional
24 facility." 42 U.S.C. § 1997e(a) (emphasis added). Moreover, the Ninth Circuit has confirmed that
25 the exhaustion requirement applies to pretrial detainees. *See Albino v. Baca*, 747 F.3d 1162 (9th
26 Cir. 2014) (applying PLRA to action brought by pretrial detainee); *Page v. Torrey*, 201 F.3d
27 1136, 1140 (9th Cir. 2000).

28 While Plaintiff's failure to exhaust administrative remedies appears on the face of his

- 5 -

1  Complaint (despite his assertion of an invalid excuse), the court will now analyze the defense as
2  presented in defendant Paulsen's motion for summary judgment, by taking into account the jail's
3  grievance procedures and whether Plaintiff followed them or otherwise asserts a valid claim that
4  the grievance process was unavailable to him.

5  The Washoe County Sheriff's Standard Operating Procedures (SOPs) govern the
6  grievance process in the Washoe County Detention Facility. (Doc. # 8-1 at 2-6; Doc. # 8-1 at 21
7  ¶ 5.) SOP 720.033 provides: "All inmates will be afforded the right to grieve any and all
8  conditions through a minimum of one level of appeal." (Doc. # 8-1 at 4.) "If the inmate is
9  involved in an incident, or has a specific situation they feel is unfair, they may institute the
10 inmate grievance procedure. They will be required to follow each step of the grievance
11 procedure before escalating to the next step." (*Id*.) The first step is to "[a]ttempt to resolve the
12 matter with the housing unit deputy." (*Id*.) An oral complaint or informal grievance must be
13 presented no later than five days from the date of the event." (*Id*.) If the concerns are not
14 resolved, the inmate must complete an "Inmate Request Form" and place it in the "PREA/Inmate
15 Grievance" box, and the inmate should receive a written response within seven days. (*Id*.) If the
16 situation is still not resolved, the inmate is to submit another Inmate Request Form detailing
17 previous attempts to resolve the situation. (*Id*.) If there is no resolution, the inmate may initiate
18 an appeal. (*Id*.)

19 Plaintiff submitted various inmate request forms during his stay at the Washoe County
20 Detention Facility, including requests for religious publications, issues with telephone calls, a
21 request for glasses, requests for information regarding out-patient, treatment and transitional
22 programs, applications for self-parole, and a request for information to give to his attorney. (Doc.
23 # 8-1 at 7-19; Doc. # 8-1 at 21 ¶¶ 4, 6.) Absent from the forms he submitted is a complaint about
24 being subject to involuntary servitude at the facility. Therefore, he failed to exhaust his
25 administrative remedies pursuant to SOP 720.033 prior to initiating this action.

26 Plaintiff contends that he was excused from the exhaustion process because the allegedly
27 unconstitutional conduct eventually ceased.

28 An inmate need only exhaust "available" administrative remedies. *See Albino*, 747 F.3d

at 1171 (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Id*. (quoting *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)).

Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).

The Ninth Circuit has recognized several instances where administrative remedies are unavailable. "[W]here a prison warden incorrectly implied that an inmate needed access to a nearly unobtainable prison policy in order to bring a timely administrative appeal, 'the Warden's mistake rendered [the plaintiff's] administrative remedies effectively unavailable.'" *Albino*, 747 F.3d at 1172-73 (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)).

"[W]here prison officials declined to reach the merits of a particular grievance 'for reasons inconsistent with or unsupported by applicable regulations,' administrative remedies were 'effectively unavailable.'" *Id*. at 1173 (quoting *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010)).

Where an inmate "did not have access to the necessary grievance forms within the prison's time limits for filing a grievance," the administrative remedies were effectively unavailable. *Id.* (citing *Marella v. Terhune*, 568 F.3d 1024, 1027-28 (9th Cir. 2009)). Nor is an inmate required to exhaust a remedy that he had been reliably informed was not available to him. *Id*.

In *Albino v. Baca*, the Ninth Circuit held that where the jail manual detailing the grievance process was for staff use only and was not made available to inmates, and inmate request forms were never provided to the inmate despite repeated complaints, the jail did not provide an available administrative remedy. *Albino*, 747 F.3d at 1177.

Plaintiff's argument that the voluntary cessation of the alleged unconstitutional conduct excuses him from exhausting administrative remedies does not fall within any of the exceptions

to the exhaustion requirement recognized by the Ninth Circuit.

While the Ninth Circuit has held that an inmate is not required to complete the administrative review process where a grievance is granted or partially granted to the inmate's satisfaction, this presupposes that the inmate initiated a grievance allowing the administrators to investigate and try to resolve the complaint. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010); *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Plaintiff's argument might be construed as asserting that the voluntary cessation of the allegedly unconstitutional conduct is the functional equivalent of the granting of relief sought in a grievance. However, a prisoner is required to "exhaust administrative remedies even where the relief sought—monetary damages— cannot be granted by the administrative process." *Woodford v. Ngo,* 548 U.S. 81, 85 (2006) (citing *Booth v. Churner,* 532 U.S. 731, 734 (2001)). What Plaintiff suggests here is contrary to the intention of the PLRA. As the Supreme Court stated, "[e]xhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'" *Id*. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Exhaustion also "promotes efficiency." *Id*. "'And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.'" *Id*. (quoting *McCarthy*, 503 U.S. at 145).

If the court accepted Plaintiff's argument, the jail would be denied of the opportunity to correct mistakes before a federal lawsuit is initiated, and the court and parties would be denied the utility of a record generated through the administrative review process.

As such, the court concludes that the voluntary cessation of the allegedly unconstitutional conduct does not excuse Plaintiff from the exhaustion requirement. Therefore, Plaintiff has failed to exhaust his administrative remedies prior to filing this action, and it should be dismissed without prejudice as to defendant Paulsen.

///

///

///

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendant Paulsen's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. # 8) and **DISMISSING** Plaintiff's claims **WITHOUT PREJUDICE** as to defendant Paulsen as a result of Plaintiff's failure to exhaust his administrative remedies before filing suit.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: December 30, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE